**Akiene Greg GRANGER, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 11–71436.**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 11, 2013.*

Filed Feb. 13, 2013.

R. Wayne McMillan, Law Office of R. Wayne McMillan, Pasadena, CA, for Petitioner.

Sharon Michele Clay, Esquire, Trial, U.S. Department of Justice, Civil Division/Office of Immigration Litigation, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: FERNANDEZ, TASHIMA, and WARDLAW, Circuit Judges.

MEMORANDUM **

Akiene Greg Granger, a native and citizen of Trinidad and Tobago, petitions for

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provid-

review of a Board of Immigration Appeals' order summarily affirming an immigration judge's removal order. We dismiss the petition for review.

We lack jurisdiction to review the agency's removal order because Granger conceded at the pleading stage of his removal proceedings that he is removable under 8 U.S.C. § 1227(a)(2)(C) due to his conviction for possession of a firearm by a felon under California Penal Code § 12021(a)(1). *See* 8 U.S.C. § 1252(a)(2)(C) (stripping the court of jurisdiction to review removal orders predicated on convictions for firearm offenses); *see also Flores–Miramontes v. INS*, 212 F.3d 1133, 1135 (9th Cir.2000) (applying the jurisdictional bar in the case of an alien who conceded removability due to his conviction).

Granger's challenge to the agency's aggravated-felony determination is not sufficiently colorable to establish our jurisdiction because *Young v. Holder*, 697 F.3d 976, 989 (9th Cir.2012) (en banc), forecloses his argument. *See Mendez–Castro v. Mukasey*, 552 F.3d 975, 978 (9th Cir. 2009) ("To be colorable in this context . . ., the claim [or question] must have some possible validity." (internal quotation marks and citation omitted)).

**PETITION FOR REVIEW DISMISSED.**

ed by 9th Cir. R. 36–3.

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.